IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTONIO WILSON, *et al.*, : | |
| : | Case No. 1:13CV745 |
| Plaintiffs, : | |
| : | Chief Judge Susan J. Dlott |
| v. : | |
| : | ORDER DENYING PLAINTIFFS' |
| SHERIFF JIM NEIL, : | MOTION FOR TEMPORARY |
| : | RESTRAINING ORDER |
| Defendant. : | |

This matter comes before the Court on Plaintiffs' Motion for Temporary Restraining Order. (Doc. 4.) On Wednesday, October 16, 2013, Plaintiffs Antonio Wilson, Gary Hudson, Shafter Jinks, and Brandon Booker, all of whom are presently homeless, filed a Complaint against Hamilton County Sheriff Jim Neil asserting *inter alia* claims for violations of their First, Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution. (Doc. 3.) Contemporaneously, Plaintiffs moved for temporary injunctive relief in the form of an order enjoining Defendant "from arresting individuals solely because of their homeless status at the Hamilton County Courthouse and Justice Center" and from "criminaliz[ing] the act of remaining outside these buildings overnight consistent with the First, Fourth, and Fourteenth Amendments." (Doc. 4 at 7, Page ID # 48.) On the same day that it was filed, the Court held a telephonic status conference on Plaintiffs' motion. Based on the representations made in the pleadings and during the conference, the Court found that Plaintiffs have not met their burden in seeking injunctive relief. Accordingly, for the reasons stated below, Plaintiffs' Motion for Temporary Restraining Order is **DENIED**.

1

I.     BACKGROUND

During the October 16, 2013 status conference, counsel for Plaintiffs and Defendant addressed the case law cited in Plaintiffs' Motion and made further allegations regarding the facts and circumstances leading to this dispute.  Based on the allegations made thus far, the crux of Plaintiffs' complaint is that they have in the past and wish to continue to seek nightly repose on the concrete plaza and benches surrounding the Hamilton County Courthouse and Hamilton County Justice Center (hereinafter referred to as the "Courthouse Plaza") in downtown Cincinnati, Ohio, and they fear that if they continue to do so they will be arrested.  Plaintiffs claim that due to their inability to own or rent a more stable home, they have chosen to reside overnight outside the Courthouse and Justice Center "because these areas are generally safer and more stable than other alternatives and because they desire to associate with a community of other individuals who face similar struggles." (Doc. 4 at 2, Page ID # 43.)  The Courthouse Plaza "contain[s] wide concrete areas with ample lighting, benches, and access to restroom facilities inside the Justice Center." (*Id.*)

Beginning sometime during the summer of 2013, stemming in part from the persistent problem of individuals urinating and defecating on the Courthouse Plaza, Sheriff Jim Neil expressed his intention to enforce state and county laws to prohibit trespassing and other illegal behavior within portions of the Courthouse Plaza during certain times when those areas are not fully open to the public.  That announcement spurred negotiations between the Sheriff's office and social service organizations, and attempts have been made to locate alternative housing for many of the individuals who typically spend their nights at the Courthouse Plaza.  Despite these negotiations, there remains a small group of individuals who wish to continue to sleep within the

Courthouse Plaza.  Recently, Sheriff Neil announced that his office would begin nightly sweeps of the area.  Defendant represented to this Court that the intent is not to immediately arrest any individuals found therein, but rather to first ask them to leave.  Furthermore, Defendant indicated that his policy has been and will continue to be that police officers should attempt, with the individual's agreement, to relocate anyone found sleeping or residing within the Courthouse Plaza to one of the County's homeless shelters.

Plaintiffs maintain that Defendant lacks authority to arrest Plaintiffs and other individuals who choose to seek repose within the Courthouse Plaza, and they argue that the Sheriff's policy amounts to one of punishing individuals because they are homeless in violation of their right to substantive due process and to be free from criminal penalty based solely on their status as homeless individuals.  Defendant challenged Plaintiffs' standing to bring suit and argues that Plaintiffs cannot show a likelihood of success on the merits or of irreparable harm.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes the Court to grant preliminary injunctive relief.  A district court is to consider the following four factors when deciding to issue a temporary restraining order:  (1) whether the movant has demonstrated a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of preliminary injunctive relief.  *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *see also Mason Cnty. Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  "[T]he four considerations applicable to preliminary injunctions are factors to be balanced and not prerequisites that must be satisfied. . . . These

3

factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 859 (6th Cir. 1992) (citations omitted).

### III. ANALYSIS

#### A. Standing

Prior to considering the factors described above, the Court must, as an initial matter, address Defendant's challenge to Plaintiffs' standing to bring this lawsuit. A plaintiff seeking to invoke the jurisdiction of the federal courts "must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "The irreducible constitutional minimum of standing contains three requirements[:] . . . injury in fact, causation, and redressability." *Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–03 (1998)). "[I]njury in fact [is] a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Steel Co.*, 523 U.S. at 103 (citation and quotation marks omitted).

Other than a fear that they *may* be arrested if they choose to continue sleeping within the Courthouse Plaza, Plaintiffs have not identified any injury, let alone one that could be categorized as concrete or imminent. There is no evidence or allegation that any of the Plaintiffs in this suit have been arrested in connection with the events described above. Nor is there any evidence that others have been arrested for engaging in similar behavior. Plaintiffs claim they have been threatened with arrest, but the nature of that threat and the probability that any such arrests may actually occur remains elusive. The Court declines at this point to discount the

possibility that Plaintiffs can demonstrate standing, but finds there are significant questions casting doubt on their ability to do so.

### B. Likelihood of Success on the Merits

When a party seeks injunctive relief on the basis of a potential constitutional violation, as Plaintiffs do here, "the likelihood of success on the merits often will be the determinative factor." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). Plaintiffs argue that they have demonstrated a likelihood of success with regard to all of their Eighth Amendment and Substantive Due Process claims. With regard to the Eighth Amendment, Plaintiffs cite Supreme Court case law identifying within that Amendment a prohibition against the criminalization of an individual's status, and they argue that Defendant's future actions will amount to an unlawful criminalization of their homeless status.[1] *See Robinson v. California*, 310 U.S. 660, 666–67 (1962) (holding that a state law which made the "status" of narcotic addiction a criminal offense for which offender might be prosecuted and imprisoned at any time before he reformed amounted to "cruel and unusual punishment"). In applying *Robinson*, courts have distinguished between laws that criminalize status and laws that criminalize conduct that may be derivative of one's status, typically finding that the latter do not run afoul of the Eighth Amendment. *See Lehr v. City of Sacramento*, 624 F. Supp. 2d 1218, 1224–34 (E.D. Cal. 2009) (discussing analogous caselaw in depth and holding that a city's anti-camping ordinance as applied to several homeless plaintiffs did not unconstitutionally criminalize that status of homelessness).

---

[1] "[T]he Cruel and Unusual Punishments Clause circumscribes the criminal process in three ways: First, it limits the kinds of punishment that can be imposed on those convicted of crimes; second, it proscribes punishment grossly disproportionate to the severity of the crime; and third, it imposes substantive limits on what can be made criminal and punished as such." *Ingraham v. Wright*, 430 U.S. 651, 667 (1977). It is the last limitation which is at issue in this case.

Even a cursory analysis of the applicability of the relevant standards to the instant case is difficult as there have been no actual arrests in this case and Plaintiffs have not identified any particular law that they claim to be unconstitutional.  Rather, they argue broadly that arrests that may occur on unknown grounds will violate the Eighth Amendment.  The Court cannot begin to consider whether such arrests would amount to the unconstitutional criminalization of homelessness when the very occurance of those arrests is speculative.  The same problems arise in connection with Plaintiffs' substantive due process claims.  Accordingly, the Court finds that Plaintiffs cannot demonstrate a likelihood of success on the merits.

### C. Risk of Irreparable Injury to the Plaintiffs

As described above, none of the Plaintiffs in this lawsuit have been arrested for sleeping within the Courthouse Plaza and they have not shown that they are likely to be arrested for doing so.  Accordingly, the extent of the potential harm is at this point still far too speculative to justify the broad injunctive relief requested.

As the remaining factors do not strongly tip the scale in favor of Plaintiffs, the Court finds that Plaintiffs are not entitled to the requested injunctive relief.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion for Temporary Restraining Order.

IT IS SO ORDERED.

    s/Susan J. Dlott    
Chief Judge Susan J. Dlott
United States District Court